**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| TIMOTHY ADAM CHILDERS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:05-cv-1209-DFH-JMS |
| ) | |
| KENNY WHIPKER, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

Timothy Childers ("Childers") was confined in the Bartholomew County Jail ("Jail") for a period of time and in this civil rights action asserts four (4) claims associated with either his treatment or the conditions of his confinement while in the Jail. The defendants seek resolution of Childers' claims through the entry of summary judgment. Such a resolution is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). To survive summary judgment, the non-movant must set forth "specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

One of the arguments presented by the defendants in support of their motion for summary judgment is that Childers failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA"). The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). An argument of this nature must be addressed before reaching the merits of the underlying claims. *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

Childers was a "prisoner" as defined by the PLRA at the time this action was filed on August 15, 2005. This is because at that time he was confined in a prison operated by the Indiana Department of Correction. The exhaustion requirement applies to the treatment alleged by Childers in his complaint. *Porter,* 534 U.S. at 532 (the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). "In

order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "Failure to [follow state rules about the time and content of grievances] means failure to use (and thus to exhaust) available remedies." *Riccardo v. Rausch,* 375 F.3d 521, 524 (7th Cir. 2004).

The pleadings and the evidentiary record show the following: Childers was confined at the Jail from July 16, 2004, until December 13, 2004. During this period of time, written Jail *Rules* provided for the existence and operation of a grievance procedure whereby inmates could grieve "the jail's condition, functions, or staff." Childers had been provided with a copy of these *Rules*, which prescribe that grievances were to be made in writing on forms which were available to inmates during medication time and were to be presented within 72 hours of the alleged occurrence. These *Rules* also provided that a response to a grievance would be made within 15 days, that the response could be appealed to the Jail Commander, and that the Jail Commander will respond if overriding the decision of the original response. Records are maintained showing whether and when a grievance has been filed and whether an appeal from the initial response to that grievance is filed. Childers filed a series of grievances at the Jail between September 21, 2004, and October 20, 2004. No other grievances were filed by Childers while he was confined at the Jail. The records of the Jail establish that Childers did not utilize the Jail's grievance procedure in any fashion with respect to the first and third claims in this action and that he did not appeal the initial responses to the grievances he filed with respect to the second and fourth claims in this action.

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted). Childers did not properly exhaust his available administrative remedies with respect to the claims in this lawsuit. The lawsuit was filed prematurely. Childers opposes the motion for summary judgment by arguing the merits of his claims, by stating that he substantially complied with the grievance process at the Jail by communicating his concerns directly to the Sheriff, and through conclusory assertions that he used the grievance process beyond the steps conceded by the defendants in their motion for summary judgment. These responses are unavailing, because 1) the merits of the claims cannot be reached if the failure-to-exhaust defense is valid, *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999), 2) the Seventh Circuit has rejected an argument that the doctrine of substantial compliance could be recognized as a means of satisfying the statutory exhaustion requirement, *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002), and 3) conclusory statements by Childers in his response to the motion for summary judgment do not create a genuine issue of fact, for "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). Illustrative of this last factor is that Childers has assembled a handful of written grievances he apparently submitted while confined at the Jail, but has failed to associate these with any (or all) of the claims in his complaint. More important than this, however, is that he has asserted in a conclusory fashion, but has not documented, that he appealed any initial response to any of those grievances. It is not the duty of the court to scour the record in search of evidence

to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies. See *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 562 (7th Cir. 1996). Childers has not done that here, even if the court overlooked his failure to comply with the requirement of Local Rule 56.1(b) that a non-movant file a "'Statement of Material Facts in Dispute' which responds to the movants' asserted material facts by identifying the potentially determinative facts and factual disputes which the nonmoving party contends demonstrate that there is a dispute of fact precluding summary judgment."

As shown above, Childers did not properly exhaust the available administrative remedies with respect to his claims against the defendants. The consequence of this is that the merits of his claims cannot be addressed and the action must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). The defendants' motion for summary judgment on this basis is **granted**. Judgment consistent with this Entry shall now issue.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date:  2/13/2007