## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIMOTHY ADAM CHILDERS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:05-cv-1209-DFH-JMS |
| ) | |
| CHARLES HATCHER, M.D., ) | |
| ) | |
| Defendant. ) | |

### Entry Discussing Motion for Summary Judgment of
### Dr. Charles Hatcher and Directing Entry of Final Judgment

The court granted summary judgment to twelve defendants on February 13, 2007, on the basis that the plaintiff failed to exhaust his available administrative remedies prior to filing this lawsuit. That ruling left for resolution the claims against defendant Dr. Charles Hatcher, who now seeks summary judgment of the federal claims against him on the same basis and summary judgment of the state claims against him as well. The plaintiff opposes Dr. Hatcher's motion.

As was the case with the earlier motion for summary judgment, such a motion is to be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). To survive summary judgment, the non-movant must set forth "specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e).

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo [v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002]). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

The pleadings and the evidentiary record show the following:[1]

- Childers was confined at the Jail from July 16, 2004, until December 13, 2004. During this period of time, written Jail *Rules* provided for the existence and operation of a grievance procedure whereby inmates could grieve "the jail's condition, functions, or staff."

- Childers had been provided with a copy of these *Rules*, which prescribe that grievances were to be made in writing on forms which were available to inmates during medication time and were to be presented within 72 hours of the alleged occurrence. These *Rules* also provided that a response to a grievance would be made within 15 days, that the response could be appealed to the Jail Commander, and that the Jail Commander will respond if overriding the decision of the original response.

- Records are maintained showing whether and when a grievance has been filed and whether an appeal from the initial response to that grievance is filed. Childers filed a series of grievances at the Jail between September 21, 2004, and October 20, 2004. No other grievances were filed by Childers while he was confined at the Jail. The records of the Jail establish that Childers did not utilize the Jail's grievance procedure in any fashion with respect to the first and third claims in this action and that he did not appeal the initial responses to the grievances he filed with respect to the second and fourth claims in this action.

Childers has not come forward with any admissible evidence demonstrating that he completed the grievance process at the Bartholomew County Jail as to his claim against Dr. Hatcher. Childers' statement that in his response to interrogatory #11 he "fully explained the steps exhausted in seeking formal and informal relief against all defendants" does not create a genuine issue of material fact for two reasons. First, this statement is conclusory. "The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). Second, his response to interrogatory #11 is not part of the evidentiary record. The consequence of the foregoing is that Childers' federal claims asserted against Dr. Hatcher are premature and should not have been brought (prior to proper exhaustion) and must now be dismissed without prejudice. See *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). This resolution precludes the court from reaching the merits of Childers' federal claims concerning his treatment by Dr. Hatcher or Dr. Hatcher's defense of qualified immunity as to such claims. *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

---

[1] This is the evidentiary record construed in the fashion most favorable to Childers as the non-movant. Although Dr. Hatcher's motion to strike is **denied,** "a party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law." *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003) (citing cases). For example, in his declaration, Childers refers to his responses to interrogatories #10 and #11, but he did not attach a copy of those responses.

The foregoing resolves the federal claims against Dr. Hatcher. To this extent, therefore, Dr. Hatcher's motion for summary judgment will be **granted.** As noted, however, Childers also asserts claims against Dr. Hatcher under Indiana state law. When a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367c (3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 717 (7th Cir.), *cert. denied,* 119 S. Ct. 167 (1998); *Wright v. Associated Insurance Cos., Inc.,* 29 F.3d 1244, 1250 (7th Cir. 1994). The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). The general rule will be followed here, and applying the general rule dictates that the pendent state law claims be **dismissed for lack of jurisdiction.**

All claims in this action are now resolved, and judgment consistent with this Entry and with the Entry of February 13, 2007, shall issue.

So ordered.

DAVID F. HAMILTON, Judge
United States District Court

Date: 6/7/2007